UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DERON LOVEITT TATUM,<br><br>              Plaintiff,<br><br>    v.<br><br>ANDREW M. SAUL,<br>Commissioner of Social Security,<br><br>              Defendant. | Case No. CV 20-04276-JEM<br><br>MEMORANDUM OPINION AND ORDER<br>AFFIRMING DECISION OF THE<br>COMMISSIONER OF SOCIAL SECURITY |

**PROCEEDINGS**

On May 12, 2020, Deron Loveitt Tatum ("Plaintiff" or "Claimant") filed a complaint seeking review of the decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's application for Supplemental Security Income benefits.  (Dkt. 1.)  The Commissioner filed an Answer on October 8, 2020.  (Dkt. 15.)  On February 19, 2021, the parties filed a Joint Stipulation ("JS").  (Dkt. 16.)  The matter is now ready for decision.

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before this Magistrate Judge.  After reviewing the pleadings, transcripts, and administrative record ("AR"), the Court affirms the Commissioner's decision and dismisses this case with prejudice.

**BACKGROUND**

Plaintiff is a 55 year-old male who applied for Supplemental Security Income benefits on October 5, 2016, alleging disability beginning January 1, 2012.  (AR 27.)  The ALJ determined that Plaintiff has not engaged in substantial gainful activity since October 5, 2016, the application date.  (AR 30.)

Plaintiff's claim was denied initially on April 14, 2017.  (AR 27.)  Plaintiff filed a timely request for hearing, and on January 24, 2019, the Administrative Law Judge ("ALJ") Robert Freedman held a video hearing from Albuquerque, New Mexico.  (AR 27.)  Plaintiff appeared and testified at the hearing and was represented by counsel.  (AR 27.)  At the hearing Claimant amended the onset date to October 5, 2016.  (AR 27.)  Vocational ex pert ("VE") Robert A. Raschke also appeared and testified at the hearing.  (AR 27.)

The ALJ issued an unfavorable decision on March 28, 2019.  (AR 27-35.)  The Appeals Council denied review on March 18, 2020.  (AR 1-3.)

**DISPUTED ISSUES**

As reflected in the Joint Stipulation, Plaintiff raises the following disputed issues as grounds for reversal and remand:

1. Whether the ALJ properly addressed Plaintiff's education level and the ability to perform a reasoning level 4 job.

2. Where an occupation is commonly known to be part-time, does it constitute other work in the national economy?

2. Whether the vocational testimony establishes the lack of significant work existing in the national economy warranting the payment of benefits.

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and free of legal error.  Smolen v. Chater, 80 F.3d 1273 , 1279 (9th Cir. 1996); see also DeLorm e v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991) (ALJ's disability determination must be supported by substantial evidence and based on the proper legal standards).

Substantial evidence means "'more than a mere scintilla,' but less than a preponderance." Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (internal quotation marks and citation omitted).

This Court must review the record as a whole and consider adverse as well as supporting evidence. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006). Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins, 466 F.3d at 882 (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)); see also Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).

## THE SEQUENTIAL EVALUATION

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Commissioner has established a five-step sequential process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

The first step is to determine whether the claimant is presently engaging in substantial gainful activity. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). If the claimant is engaging in substantial gainful activity, disability benefits will be denied. Bowen v. Yuckert, 482 U.S. 137, 140 (1987). Second, the ALJ must determine whether the claimant has a severe impairment or combination of impairments. Parra, 481 F.3d at 746. An impairment is not severe if it does not significantly limit the claimant's ability to work. Smolen, 80 F.3d at 1290. Third, the ALJ must determine whether the impairment is listed, or equivalent to an impairment listed, in 20 C.F.R. Pt. 404, Subpt. P, Appendix I of the regulations. Parra, 481 F.3d at 746. If the impairment

meets or equals one of the listed impairments, the claimant is presumptively disabled.  Bowen, 482 U.S. at 141.  Fourth, the ALJ must determine whether the impairment prevents the claimant from doing past relevant work.  Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir. 2001).  Before making the step four determination, the ALJ first must determine the claimant's residual functional capacity ("RFC").  20 C.F.R. § 416.920(e).  The RFC is "the most [one] can still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence."  20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).  The RFC must consider all of the claimant's impairments, including those that are not severe.  20 C.F.R. §§ 416.920(e), 416.945(a)(2); Social Security Ruling ("SSR") 96-8p.

If the claimant cannot perform his or her past relevant work or has no past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantial gainful activity.  Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000).  The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times the burden is on the claimant to establish his or her entitlement to benefits.  Parra, 481 F.3d at 746.  Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity.  Lounsbury v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006).  To support a finding that a claimant is not disabled at step five, the Commissioner must provide evidence demonstrating that other work exists in significant numbers in the national economy that the claimant can do, given his or her RFC, age, education, and work experience.  20 C.F.R. § 416.912(g).  If the Commissioner cannot meet this burden, then the claimant is disabled and entitled to benefits.  Id.

### THE ALJ DECISION

In this case, the ALJ determined at step one of the sequential process that Plaintiff has not engaged in substantial gainful activity since October 5, 2016, the alleged onset date.  (AR 30.)

At step two, the ALJ determined that Plaintiff has the following medically determinable severe impairments: obesity; status-post gunshot wound to the right hand; degenerative disc disease of the lumbar spine; and degenerative joint disease of the right hip.  (AR 30-31.)

At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments.  (AR 31.)

The ALJ then found that Plaintiff has the RFC to perform light work as defined in 20 CFR § 416.967(b) with the following limitations:

Claimant can occasionally climb ramps or stairs; he can never climb ladders, ropes, or scaffolds; he can occasionally balance, stoop, crouch, crawl, and kneel. Handling and fingering tasks with the upper dominant extremity are limited to occasional.

(AR 31-33.)  In determining the above RFC, the ALJ made a determination that Plaintiff's subjective symptom allegations were "not entirely consistent" with the medical evidence and other evidence of record.  (AR 32.)  Plaintiff does not challenge this finding.

At step four, the ALJ found that Plaintiff has no past relevant work.  (AR 33.)  The ALJ, however, also found at step five that, considering Claimant's age, education, and RFC, there are jobs that exist in significant numbers in the national economy that Claimant can perform, including the jobs of theater attendant and investigator (dealer accounts).  (AR 34-35.)

Consequently, the ALJ found that Claimant is not disabled within the meaning of the Social Security Act since October 5, 2016, the date the application was filed.  (AR 35.)

## DISCUSSION

Plaintiff does not challenge the ALJ's RFC or the medical and other evidence supporting the RFC.  Plaintiff, however, does challenge the ALJ's determination at step five of the sequential process that Plaintiff can perform the jobs of theater attendant and investigator, dealer accounts.  The Court agrees that Plaintiff cannot perform the job of investigator, dealer accounts.  The ALJ's error in finding otherwise, however, is harmless because the Court finds

1   that the ALJ's determination that Plaintiff can perform the job of theater attendant is supported

2   by substantial evidence.  Thus, the Court affirms the ALJ's determination of nondisability.

3   **I.      Investigator, Dealer Accounts**

4          The ALJ erred in finding, based on the VE's testimony, that Plaintiff can perform the job

5   of investigator, dealer accounts.  (AR 34-35.)  There is an apparent conflict between the VE's

6   testimony and the Dictionary of Occupational Titles ("DOT").  The ALJ found that Plaintiff has a

7   limited education.  (AR 34.)  The investigator, dealer accounts job has a Reasoning Level of 4

8   according to the DOT.  (DOT Code 241.367-038.)  The DOT is administratively noticed.  20

9   C.F.R. § 404.1566(d)(1).  The ALJ failed to ask the VE about this apparent conflict, as required

10   by SSR 00-4p.  (AR 91-97.)  Thus, the ALJ's step five finding that Plaintiff can perform the job

11   of investigator, dealer accounts is without the support of substantial evidence.

12   **A.      Relevant Federal law**

13          The Commissioner bears the burden at step five of the sequential process to prove that

14   Plaintiff can perform other work in the national economy, given his RFC, age, education, and

15   work experience.  20 C.F.R. § 416-912(g); Silveira v. Apfel, 204 F.3d 1257, 1261 n.14 (9th Cir.

16   2000).  ALJs routinely rely on the DOT in evaluating whether the claimant is able to perform

17   other work in the national economy.  Terry v. Sullivan, 903 F.2d 1273, 1276 (9th Cir. 1990)

18   (citations omitted); 20 C.F.R. §§ 404.1566(d)(1), 416.966(d)(1).  The DOT raises a presumption

19   as to job classification requirements.  Johnson v. Shalala, 60 F.3d 1428, 1435 (9th Cir. 1995).

20   An ALJ may not rely on a vocational expert's testimony regarding the requirements of a

21   particular job without first inquiring whether the testimony conflicts with the DOT.  Massachi v.

22   Astrue, 486 F.3d 1149, 1152-53 (9th Cir. 2007) (citing SSR 00-4p ("the adjudicator has an

23   affirmative responsibility to ask about any possible conflict between that [vocational expert]

24   evidence and information provided in the [Dictionary of Occupational Titles]")).  In order to

25   accept vocational expert testimony that contradicts the DOT, "the record must contain

26   'persuasive evidence to support the deviation.'"  Pinto, 249 F.3d at 846 (quoting Johnson, 60

27   F.3d at 1435).  The ALJ must obtain a reasonable explanation for the variance and then must

28   decide whether to rely on the VE or the DOT.  See Pinto, 249 F.3d at 847.  Failure to do so,

however, can be harmless error where there is no actual conflict or the VE provides sufficient support to justify any conflicts with or variation from DOT.  <u>Massachi</u>, 486 F.3d at 1154 n.19.

**B.    The Unexplained Conflict**

At the hearing, the ALJ asked whether jobs exist in the national economy for an individual with the claimant's age, <u>education</u>, work experience, and residual functional capacity.  (AR 34 (emphasis added).)  The VE testified that such an individual could perform the light exertion job of investigator, dealer accounts.  (AR 34, 92-94.)  The ALJ states that he determined the VE's testimony is "mostly consistent" with DOT information.  (AR 34.)  The ALJ, however, failed to ask the VE whether there was any conflict between his testimony and the DOT, as required by SSR 00-4p.  (AR 91-97.)  This was error.

Plaintiff stated in his disability application that he has a ninth grade education.  (AR 230.)  The ALJ, who determined that Plaintiff had a limited education (AR 34), did not include any specified educational level in his hypothetical to the VE.  (AR 92.)  After the VE testified that Plaintiff could perform the investigator, dealer accounts job, the ALJ asked Plaintiff whether he had anything to say.  (AR 97.)  Plaintiff asked for clarification of what the job was and responded, "I graduated sixth grade.  I can't even use a smartphone."  (AR 98.)

The DOT data for the investigator, dealer accounts job indicates that it requires a Reasoning Level of 4:

> Apply principles of rational systems to solve practical problems and deal with a variety of concrete variables in situations where only limited standardization exists.  Interpret a variety of instructions furnished in written, oral, diagrammatic, or schedule form.  Examples of rational systems are: bookkeeping, internal combustion engines, electric wiring systems, house building, farm management and navigation.

(DOT Code 241.367-038.)  The job also requires a math level of 3 and a language level of 4.  (<u>Id</u>.)  Neither the VE nor the ALJ provided any explanation how a person with a limited education could perform these tasks.

1    Even though the ALJ found that Plaintiff had a limited education (AR 34), the ALJ erred

2    by not recognizing the apparent conflict with DOT data.  See Zavalin v. Colvin, 778 F.3d 842,

3    847 (9th Cir. 2015) ("Because the ALJ failed to recognize an inconsistency, she did not ask the

4    expert why a person with Zavalin's limitation could nevertheless meet the demands of Level 3

5    Reasoning").  The ALJ failed to ask the VE if his testimony was consistent with the DOT.  The

6    VE here did not account for the apparent conflict and the ALJ did not provide an explanation

7    that would resolve it.  The ALJ did not develop the record fully and fairly as it was his duty to

8    do.  Tonapetyan v. Halter, 242 F.3d 1144, 1150 (9th Cir. 2001).

9    The ALJ's finding that, pursuant to SSR 00-4p, the VE's testimony is consistent with

10   DOT information (AR 34) is not supported by substantial evidence as to the investigator, dealer

11   accounts job.

12   **C.    There Was No Waiver Of The Issue**

13   The Commissioner contends that Plaintiff waived the issue of whether he could perform

14   the investigator, dealer accounts job for failure to raise it before the ALJ and Appeals Council.

15   The Commissioner also asserts that Plaintiff never questioned the VE on the education

16   requirements of the investigator.  He further argues that Plaintiff's attorney did not raise the

17   issue in her letter to the Appeals Council.  (AR 317-318.)

18   None of these arguments establish a waiver of the issue.  First, the burden is not on the

19   Claimant to cross-examine the VE.  SSR 00-4p imposes "an affirmative responsibility" on the

20   ALJ to ask about any possible conflict with the DOT.  It was error for the ALJ to fail to do so.  At

21   step five of the sequential process, moreover, the burden shifts to the Commissioner to show

22   that a claimant can perform work in the national economy.  Tackett v. Apfel, 180 F.3d 1094,

23   1100 (9th Cir. 1999); 20 C.F.R. § 416.960(c)(2).

24   Second, Plaintiff did tell the ALJ at the hearing that he only had a sixth grade education

25   and in effect could not perform the investigator, dealer accounts job.  (AR 98.)  As noted

26   before, both the VE and the ALJ failed to identify and resolve the apparent conflict with the

27   DOT.  See Zavalin, 778 F.3d at 847.  As a result, the ALJ failed to obtain an explanation of the

28

1    apparent conflict between the VE's testimony and the DOT, as required by SSR 00-4p.  Again,

2    the ALJ did not develop the record fully.  Tonapetyan, 242 F.3d at 1150.

3         Third, it is true that Plaintiff's attorney did not raise the issue of whether he could

4    perform the investigator, dealer accounts job in his letter to the Appeals Council.  (AR 317-

5    318.)  The Commissioner asserts that the failure to do so constitutes a waiver of the issue,

6    relying on Meanel v. Apfel, 172 F.3d 1111, 1115 (9th Cir. 1999) ("We now hold that, at least

7    when claimants are represented by counsel, they must raise all issues and evidence at their

8    administrative hearings in order to preserve them on appeal.").  The Commissioner's reliance

9    on Meanel, however, is misplaced.  In Sims v. Apfel, 530 U.S. 103, 112 (2000), the United

10   States Supreme Court held, "Claimants who exhaust administrative remedies need not also

11   exhaust issues in a request for review by the Appeals Council in order to preserve judicial

12   review of those issues."  (Emphasis added.)  Thus, Plaintiff's failure to raise the investigator

13   issue before the Appeals Council does not bar Plaintiff's claim here.

14         Fourth, the Ninth Circuit has continued to apply Meanel to the failure of a claimant to

15   raise evidence and issues before the ALJ.  See Lamear v. Berryhill, 865 F.3d 1201, 1206 (9th

16   Cir. 2017); Shaibi v. Berryhill, 883 F.3d 1102, 1109 (9th Cir. 2017) (as amended Feb. 28,

17   2018).  These cases, however, also hold that an ALJ is still required by SSR 00-4p to resolve

18   apparent conflicts.  See Lamear, 865 F.3d at 1206-07 ("[C]ounsel's failure does not relieve the

19   ALJ of his express duty to reconcile apparent conflicts through questioning . . . .  The ALJ is

20   required [under SSR 00-4p] to reconcile the inconsistency." (Emphasis in original) (internal

21   quotation marks and citation omitted)); Shaibi, 883 F.3d at 1109 ("[A]n ALJ is required to

22   investigate and resolve any apparent conflict between the VE's testimony and DOT, regardless

23   of whether a claimant raises the conflict before the agency.").  Thus, to the extent the

24   Commissioner argues that Plaintiff's testimony at the hearing did not adequately raise the

25   investigator issue with the ALJ, these cases make clear that the ALJ nonetheless committed

26   error.  The ALJ failed to fully develop the record.  Tonapetyan, 242 F.3d at 1150.

27         Fifth, the claimant in Meanel presented new statistical evidence that had not been

28   presented to the ALJ or to the Appeals Council.  See Meanel, 172 F.3d at 1115.  In this case,

1 | the Court need not receive any new evidence to determine the ALJ erred.  As noted above, the

2 | ALJ heard Plaintiff's testimony about his educational level, the ALJ found that Plaintiff has a

3 | limited education, and the DOT data the ALJ himself cites is administratively noticed.  It is

4 | apparent from the hearing transcript that the ALJ failed to ask the VE if his testimony conflicted

5 | with the DOT, as required by SSR 00-4p.  (AR 91-97.)  Cf. Silveira, 204 F.3d at 1260 n.8

6 | (considering issue raised for the first time on appeal "because it is a pure question of law and

7 | the Commissioner will not be unfairly prejudiced by [plaintiff's] failure to raise the issue below,"

8 | distinguishing Meanel as "a case on which the claimant rest[ed] her arguments on additional

9 | evidence presented for the first time on appeal, thus depriving the Commissioner of an

10 | opportunity to weigh and evaluate that evidence.").

11 |      Waiver does not apply to Plaintiff's challenge to the investigator/dealer accounts job.

12 | * * *

13 |      The ALJ erred in relying on the VE's testimony that Plaintiff could perform the job of

14 | investigator/dealer accounts.

15 | **II.    Theater Attendant**

16 |      The VE also testified that Plaintiff could perform the job of theater attendant (DOT

17 | 344.677-014).  (AR 34, 93.)  This occupation has 88,000 full-time jobs.  (AR 34, 93.)  The VE is

18 | a recognized expert, and the ALJ was entitled to rely on the VE's testimony to determine

19 | vocational issues.  Bayliss v. Barnhart, 427 F.3d 1211, 1218 (9th Cir. 2005) ("A VE's

20 | recognized expertise provides the necessary foundation for his or her testimony" and therefore

21 | "no additional foundation is required"); Osenbrock v. Apfel, 240 F.3d 1157, 1163 (9th Cir. 2001)

22 | (testimony of vocational expert constitutes substantial evidence).  Plaintiff argues that theater

23 | attendant jobs are part-time and thus precluded by SSR 96-8p, citing other vocational sources

24 | than the DOT.  The ALJ, however, is not required to resolve conflicts between VE testimony

25 | and other sources.  Shaibi, 883 F.3d at 1109 & n.6.  Here, the VE testified that there were

26 | 88,000 full-time theater attendant jobs in the national economy.  (AR 34, 93 (emphasis added).)

27 | There is no actual or apparent conflict between the VE's testimony and the DOT.  The ALJ was

28 | entitled to rely on the VE's testimony.

The ALJ's error in relying on the VE's testimony that Plaintiff can perform the investigator, dealer account jobs is harmless.  See Tommasetti v. Astrue, 533 F.3d 1035, 1038 (9th Cir. 2008) (error is harmless when it is "inconsequential to the ultimate nondisability determination"), quoting Stout v. Comm'r, 454 F.3d 1050, 1055-56 (9th Cir. 2006).  As Plaintiff can perform the theater attendant job, he is not disabled.  The ALJ's determination of nondisability is supported by substantial evidence and free of legal error.[1]

**ORDER**

IT IS HEREBY ORDERED that Judgment be entered affirming the decision of the Commissioner of Social Security and dismissing this case with prejudice.

DATED: <u>March 17, 2021</u>                    <u>          /s/ John E. McDermott          </u>
                                                              JOHN E. MCDERMOTT
                                                              UNITED STATES MAGISTRATE JUDGE

---

[1]  In Section 3 of the Joint Stipulation, Plaintiff asserts that the investigator, dealer accounts occupation should be treated as a sedentary job warranting disability under the Medical Vocational Guidelines ("grids").  The Court, however, already has ruled that the ALJ's reliance on the VE testimony regarding the investigator job is not supported by substantial evidence.  Plaintiff also repeats his contention that the theater attendant job is part-time but the Court already rejected that assertion too.